UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>  Plaintiff,<br><br>  v.<br><br>KERN RADIOLOGY MEDICAL GROUP, INC., et al.,<br><br>  Defendants.<br>_____ / | CASE No. 1:12-cv-00242-AWI-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 4)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### FIRST SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Clarence Leon Dews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on February 21, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff filed a First Amended Complaint (ECF No. 4) on March 2, 2012, without his original Complaint having been screened. The First Amended Complaint is now

before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that:

In September 2010, he suffered a stroke, causing him to fall and injure his right shoulder. The shoulder injury resulted in extreme pain, internal bleeding, increase in his already elevated blood pressure, and fever.

Plaintiff arrived at North Kern State Prison ("NKSP") in December 2010. While incarcerated at NKSP, Defendants were indifferent to his medical needs, refusing to properly evaluate, diagnose and treat his shoulder injury. Defendants Walley and Kern Radiology Group incorrectly read and reported on Plaintiff's shoulder x-ray. Notwithstanding reports from NKSP nursing staff that Plaintiff needed emergency medical care, Defendants Yuan MD, Ebenshahidi MD and Selieman MD all stated that there was nothing physically wrong with Plaintiff and that his symptoms were psychiatric.

Plaintiff filed a state court writ seeking emergency medical care. It was denied. His inmate grievances seeking medical treatment also were denied.

After sixteen months of suffering, Plaintiff underwent shoulder surgery to repair a torn rotator cuff.

Plaintiff names as Defendants (1) Kern Radiology Medical Group Inc., (2) Tracy Walley, NKSP medical staff member, (3) Sylvia Lopez, NKSP Chief Medical Officer, (4) David Yuan MD, NKSP medical staff member, (5) Ebenshahidi MD, NKSP medical staff member, (6) C. McPherson, NKSP Health Care Appeals Coordinator, (7) Selieman MD, NKSP medical staff member.

Plaintiff seeks (1) a declaration that Defendants violated his rights, (2) an injunction that he be transferred to a "270" style prison consistent with his Americans with Disabilities Act ("ADA") status and medical needs and receive further shoulder surgery, (3) monetary relief.

///////

///////

-3-

IV. **ANALYSIS**

    A. **Pleading Requirements Generally**

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

    B. **Certain Defendants Not Linked to Alleged Violation**

Plaintiff has not linked Defendants Lopez and McPherson to any alleged violation of his rights.

Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.

Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676–677.

Plaintiff's statement of claim does not refer to Defendants Lopez or McPherson. He has not alleged that these Defendant took any action to violate his rights.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing that Defendants Lopez and McPherson, each through his or her own individual actions, violated his constitutional rights.

### C.  No Liability for Private Action

Plaintiff names an apparent non-public entity, Kern Radiology Medical Group, Inc., as Defendant in this action.

Generally, private parties do not act under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc., 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746–47, citing Brentwood Academy, 531 U.S. at 295.

"[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also Bektic–Marrero v. Goldberg, 850 F.Supp.2d 418, 426–27 (S.D.N.Y. 2012) (private physician under contract to provide part-time medical services for state acting under color of state law).

Plaintiff fails to allege facts suggesting Defendant Kern Radiology Medical Group, Inc., was acting under color of state law when allegedly violating Plaintiff's rights.

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing how this Defendant was acting under color of state law when allegedly violating Plaintiff's rights.

D.      **Plaintiff Must Exhaust Administrative Remedies**

Plaintiff alleges that all his grievances were denied, but he provides no information as to which were filed, when, and what action was taken on each.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81 (2006).

Plaintiff will be given leave to amend. If he chooses to amend, he should allege facts showing he exhausted each level of prison appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[1]

### E.   Medical Indifference

Plaintiff claims Defendants have been indifferent to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to

---

[1] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable).

respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation of severe pain, internal bleeding, elevated blood pressure and fever secondary to his shoulder injury, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim. "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

However, Plaintiff has not alleged facts sufficient under the above standard to claim deliberate indifference to his serious medical needs. Nothing before the Court suggests any Defendant knowingly disregarded an excessive risk of harm and acted in a medically unacceptable manner. Plaintiff apparently had ongoing access to Defendants and received treatment for his complaints. His claim that Defendants failed to correctly diagnose and treat his shoulder, standing alone, amounts to no more than medical negligence. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

Plaintiff's allegation that he and nursing staff at NKSP disagreed with Defendants' medical opinion likewise is not sufficient to claim deliberate indifference. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Nor does a such a difference of opinion between prisoner-patient and prison medical authorities. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff does not allege facts showing when and how Defendants' examined and evaluated him; what their diagnosis or conclusion was or the basis, if any, therefor; Defendants' treatment plan if any; when and how any contrary opinion, conclusion or diagnosis was made, was communicated to Defendants, by whom, the nature thereof and the basis therefor; why Defendants' action and inactions were medically unacceptable; whether Defendants knew that their diagnosis and treatment were unacceptable; and the basis for Plaintiff's claim that Defendants' intentionally provided Plaintiff with medically unacceptable care under the circumstances. See Wilhelm v. Rotman, 680 F.3d 1113, 2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v.

McDaniel, 681 F.3d 978, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff fails to state a claim for inadequate medical care. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth true facts (not merely suspicion or surmise) plausibly claiming, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant.

### F. Housing Claim

Plaintiff may desire to allege a claim relating to his housing and classification.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions). "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238, 245

(1983).

Plaintiff does not allege in his First Amended Complaint that his rights have been violated with regard to his housing and classification. He attaches to his pleading mobility impairment, disability accommodation and classification chronos indicating he is a full-time wheelchair user and a participant in the Armstrong Remedial Plan. But he does not allege his current housing and disability status; whether and how such is inconsistent with his classification and chronos; the harm, if any, caused thereby; and any reason given by prison officials for any such inconsistency.

To state a due process claim Plaintiff must allege facts of "atypical and significant" hardship based on consideration of (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

The Court will allow leave to amend. In any amended pleading, Plaintiff must allege facts suggesting a due process denial as to his housing and classification under the above standards.

**G.    ADA Claim**

Plaintiff may desire to allege Defendants failed to properly accommodate his disability.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To

establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1022–23 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff does not allege in his First Amended Complaint that his rights have been violated with regard to his ADA status. As noted, he attaches to his pleading an ADA accommodation and classification chrono for mobility impairment indicating full-time wheelchair use and participation in the Armstrong Remedial Plan. But as with the housing claim, he does not allege how Defendants may have violated his federal rights in these regards. Nothing before the Court suggests exclusion from services, programs, or activities by reason of his disability.

Defendants' medical treatment of Plaintiff's condition or lack thereof can not impose liability under the ADA. See Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims). Nor is mere negligence

sufficient to state an ADA claim. Muhammad v. Department of Corrections, 645 F.Supp.2d 299, 311 (D.N.J. 2008).

To the extent that Plaintiff wishes to seek assistance that he believes is due pursuant to the Armstrong Remedial Plan, he "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98–4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal. Sept.17, 2002). Plaintiff may not sue for damages in this action solely on the basis that Defendants allegedly violated the Armstrong Remedial Plan.[2]

The Court will allow leave to amend. In any amended pleading, Plaintiff must allege facts suggesting denial of ADA accommodation under the above standards.

### H. Declaratory Relief

Plaintiff seeks a declaration that Defendants violated his rights.

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

---

[2] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94–2307–CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming order requiring submission of a remedial plan for California Department of Corrections and Rehabilitation's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that Defendants violated Plaintiff's rights is unnecessary.

I.      **Injunctive Relief**

Plaintiff seeks an injunction that he be transferred to a "270" style prison consistent with his Americans with Disabilities Act ("ADA") status and receive further shoulder surgery.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff does not allege facts sufficient to show he is in need of and entitled to injunctive relief. He does not allege any cognizable federal claim. Nothing before the

court suggests a threat of immediate and irreparable injury. He does not allege ongoing serious medical needs. He does not allege any threat or hardship relating to his current housing and ADA status. The balance of hardship and equities is not in Plaintiff's favor.

Plaintiff will be given leave to amend. If he chooses to amend, he should supply facts showing a constitutional violation, causing actual injury, and that he needs and is entitled to injunctive relief under the above standard.

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general

rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed March 2, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

////////
////////
////////
////////
////////
////////

4. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: March 18, 2013          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

-17-