UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS, | CASE No. 1:12-cv-00242-AWI-MJS (PC) |
| Plaintiff, | ORDER STRIKING MEMORANDUM FILED BY PLAINTIFF ON FEBRUARY 25, 2013 |
| v. | (ECF No. 22) |
| KERN RADIOLOGY MEDICAL GROUP, INC., et al., | |
| Defendants. | |

I. **PROCEDURAL BACKGROUND**

Plaintiff Clarence Leon Dews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on February 21, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened Plaintiff's First Amended Complaint (ECF No. 4) on March 19, 2013, dismissed it for failure to state a claim, but gave leave to file an amended pleading by not later than April 22, 2013. (ECF No. 23.)

-1-

On February 25, 2013, Plaintiff filed a document entitled, "Anonymous Confidential Memorandum" ("Memorandum"). (ECF No. 22.) The caption of the Memorandum references this case and more than ten others apparently pending in other courts. The document was filed in those actions and in this one.

## II.     DISCUSSION

### A.     Memorandum Improperly Filed

The Memorandum was improperly filed. The Informational Order sent to Plaintiff on February 23, 2012 (ECF No. 3) provides that:

> "All filings must bear the case number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the letters "PC." Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. Documents submitted listing more than one case number in the caption will be stricken."

First Informational Order at ¶ 5.

Failure to comply with this Court's orders, local rules, and the Federal Rules of Civil Procedure "may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 11-110. Courts have the inherent power to control their docket and in the exercise of that power, they may properly strike documents. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010).

Plaintiff has filed the Memorandum in violation of the Court's Order. It will be

stricken.

### B. Memorandum Immaterial to Instant Action

The Memorandum has no apparent relation to the instant action and may also be stricken on that basis. Fed. R. Civ. P. 12(f).

The Memorandum alleges unnamed prison officials at unspecified facilities have retaliated against Plaintiff by placing him in improper housing (where he is drugged, beaten, raped and watched over by jailhouse informants) and by placing him in administrative segregation where he is deprived of his property.

The Memorandum's claims are unrelated to the instant action, which arises from alleged medical indifference and violation of the Americans with Disabilities Act ("ADA").

### C. No Basis for Injunctive Relief

To the extent the Memorandum were properly filed and reflected a request for injunctive relief in this case, it would not properly be before this Court at this time.

Plaintiff's First Amended Complaint has been dismissed for failure to state a claim. (ECF No. 23.) Plaintiff has yet to plead a cognizable federal claim. Plaintiff has no case or controversy pending before the Court in this action. If the Court does not have an actual case or controversy before it, it has no power to reach the matter in question. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State Inc., 454 U.S. 464, 471 (1982).

Plaintiff has not demonstrated a need for and entitlement to injunctive relief in this action.

///////
///////

### III. **ORDER**

Accordingly, for the reasons stated above, it is HEREBY ORDERED that Plaintiff's Memorandum filed February 25, 2013 (ECF No. 22), be STRICKEN.

.

IT IS SO ORDERED.

Dated:     March 27, 2013                  /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE