# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS, | CASE No. 1:12-cv-00242-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 25) |
| KERN RADIOLOGY MEDICAL GROUP, INC., et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SECOND SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff Clarence Leon Dews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on February 21, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff filed a First Amended Complaint (ECF No. 4) before the Court had an opportunity to screen the Complaint. The First Amended Complaint was

dismissed for failure to state a claim, but Plaintiff was granted leave to file an amended pleading. (ECF No. 23.) Plaintiff filed a Second Amended Complaint (ECF No. 25). The Second Amended Complaint is now before the Court for screening.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff names as Defendants[1] (1) Kern Radiology Medical Group Inc., ("Kern

---

[1] Plaintiff refers to Drs. Yuan, Selieman and Ebenshadidi, and to Chief Appeal Coordinator McPherson as Defendants, but he fails to name them as such in § III of his Second Amended Complaint.

Radiology") (2) Tracy Walley, North Kern State Prison ("NKSP") radiologist, and (3) Maurice Junious, NKSP Warden.

Plaintiff alleges that:

In September 2010, he fell injuring his right shoulder. The shoulder injury resulted in extreme pain, internal bleeding, increase in his already elevated blood pressure, and fever.

Plaintiff arrived at NKSP in December 2010. Defendants Kern Radiology and Walley failed to correctly diagnose his shoulder injury and ignored NKSP nursing staff reports that Plaintiff needed emergency medical care. Plaintiff complained to Defendant Warden Junious, who took no action. As a result of the foregoing, definitive treatment of Plaintiff's torn rotator cuff was delayed for a year. Plaintiff alleges that said conduct was contrary to Title 15 medical care and treatment regulations.[2]

Plaintiff also alleges, for the first time in the Second Amended Complaint, that Defendants meant to punish him "for '[his] services to help other inmates with law, and access to Court abilities." (ECF No. 25 at 14.)

Plaintiff seeks (1) grant of a writ of extraordinary review (sic), (2) an injunction that he be transferred to a facility appropriate for his ADA condition and needs and that he receive further shoulder surgery, and (3) monetary relief.

IV.   **ANALYSIS**

   A.   **Pleading Requirements Generally**

---

[2] Plaintiff cites to Cal. Code Regs. §§ 3350 (provision of medical care and definitions), 3350.1 (medical and dental treatment /services exclusions), 3350.2 (off-site health care treatment), 3352 (institutional utilization management committee), 3352.1 (headquarters utilization management committee), 3354.2 (inmate co-payment for health care services), and 3355 (health care examination).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### B.   No Liability for Private Action

Generally, private parties do not act under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc., 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d

at 746–47, citing Brentwood Academy, 531 U.S. at 295.

"[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also Bektic–Marrero v. Goldberg, 850 F.Supp.2d 418, 426–27 (S.D.N.Y. 2012) (private physician under contract to provide part-time medical services for state acting under color of state law).

Plaintiff names an apparent non-public entity, Kern Radiology, as a Defendant in this action. He alleges no facts suggesting Kern Radiology was acting under color of state law when allegedly violating Plaintiff's rights.

If Plaintiff chooses to file an amended pleading against Kern Radiology, he must include facts reflecting that Kern Radiology was acting under color of state law.

C.   **Medical Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton

infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation of severe pain, internal bleeding, elevated blood pressure and fever secondary to his shoulder injury, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim. "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

However, Plaintiff has not alleged facts sufficient under the above standard to claim deliberate indifference to his serious medical needs. He complains the medical provider Defendants delayed proper treatment of his rotator cuff tear because they mis-interpreted and mis-diagnosed the injury imagery. Misdiagnosis alone amounts to no more than medical negligence and is not a basis for a § 1983 action. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

Plaintiff's assertion nursing staff at NKSP disagreed with Defendants' medical opinion does not reflect deliberate indifference. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Nor does a such a difference of opinion between prisoner-patient and prison medical authorities. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

There are no facts before the Court suggesting the medical provider Defendants' treatment of Plaintiff was medically unacceptable or undertaken with a knowing disregard of excessive risk to Plaintiff. Plaintiff does not allege facts showing when and how Defendants' examined and evaluated him and what their diagnoses were, or that any contrary opinion or diagnosis was rendered and communicated to Defendants. Plaintiff omits the factual basis for his belief that Defendants' intentionally provided him with medically unacceptable care under the circumstances. See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff previously was advised of these very deficiencies in his First Amended Complaint and instructed as to what was necessary to correct them. From the fact he has not so corrected them one reasonably may conclude that he is unable to do so. No useful purpose would be served by repeating the same information and giving Plaintiff a repeat opportunity to act on it. Leave to amend this claim is denied.

### D. **Violation of Title 15 Regulations**

The existence of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. Dec.28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

Prison staff actions in responding to Plaintiff's prison appeals and grievances alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982).

Plaintiff cites to various Title 15 medical services regulations on onsite and offsite medical treatment, but alleges nothing to suggest how Defendants' allegedly violated the regulations. But even if he had, no § 1983 claim arises for such violation. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).

For the same reason as in Plaintiff's medical indifference claims, no useful purpose would be served by inviting Plaintiff to once again amend this claim.

### E.     Retaliation

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). The adverse action must be sufficient to chill or silence a person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568-69), citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999), and not in furtherance of legitimate goals of the correctional institution or not tailored narrowly enough to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff alleges for the first time in a single conclusory sentence in his Second Amended Complaint that Defendants are punishing him for assisting other inmates with the law and in seeking access to the courts. Plaintiff included no facts upon which such an allegation might be based. He does not explain what activities he engaged in, how Defendants were aware of them, how Defendants reacted to them, or why he believes Defendants acted to punish this conduct.[3]

---

[3] Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

The Court will allow Plaintiff leave to amend this claim. Plaintiff must allege true facts, not conjecture or surmise, showing Defendants took adverse action against him because of his protected activity and that they did so without any penological purpose.

### F.   Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff seeks further shoulder surgery and transfer to a facility appropriate for his disability and ADA needs. Plaintiff does not explain why he needs further surgery or that a transfer is necessary to accommodate his needs. He does not explain his current housing conditions and ADA status and restrictions or what would be gained by transfer to another facility.

In summary, Plaintiff does not allege facts sufficient to show he is in need of and entitled to injunctive relief. He does not allege any cognizable federal claim. Nothing before the court suggests a threat of immediate and irreparable injury. He does not allege ongoing serious medical needs. He does not allege any threat or hardship relating to his current housing and ADA status. The balance of hardship and equities is not in Plaintiff's favor.

If Plaintiff chooses to file an amended pleading, he should supply facts showing a meritorious federal claim, actual injury, and that he needs and is entitled to injunctive relief under the above standard.

## V. CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint does not state a claim for relief under § 1983. **The Court will grant Plaintiff one final opportunity to file an amended complaint consistent with this Order.** Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Second Screening Order and focus his

efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Second Amended Complaint filed April 11, 2013;

2. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes"

provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:     July 2, 2013              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE