# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN RADIOLOGY MEDICAL GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00242-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, and (2) DENYING PLAINTIFF'S DEMAND FOR EXTRAORDINARY RELIEF**<br><br>**(ECF Nos. 37, 39)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

I.   **PROCEDURAL HISTORY**

Plaintiff Clarence Leon Dews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on February 21, 2012 pursuant to 42 U.S.C. § 1983.

Plaintiff's first amended complaint and second amended complaint were dismissed for failure to state a claim.[1] Plaintiff was given leave to file a third amended complaint solely as to his claim that he is being punished for assisting other inmates with the law and seeking access to the courts.[2] (ECF No. 34 at 9:17-19.) Plaintiff has filed a third amended complaint (ECF No. 39), as well as a separate demand for injunctive relief (ECF No. 37),

---
[1] The complaint was not screened.
[2] The Court deemed further amendment of medical indifference and Title 15 claims to be futile. (Id.)

1

both of which are before the Court.

## II. ANALYSIS

### A. Third Amended Complaint

#### 1. Allegations

Plaintiff names as Defendants (1) Kern Radiology Medical Group Inc., ("Kern Radiology") (2) Tracy Walley, North Kern State Prison ("NKSP") radiologist, (3) Sylvia Lopez, Chief Medical Officer; (4) David Yyan, MD, (5) Ebenshadidi, MD, (6) McPherson, MD, (7) Selieman, MD, and (8) Kern County Superior Court.

Plaintiff re-asserts violations of his Eighth and Fourteenth Amendment rights arising from alleged misdiagnosis, delay, and denial of proper treatment of his injured shoulder and related conditions and health care appeals. He also complains of denial of a petition filed with the Kern County Superior Court seeking emergency medical treatment of his shoulder.

The relief he seeks in his third amended complaint is that the Court find he states cognizable Eighth and Fourteenth Amendment claims.

#### 2. No Claim Stated

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and dismiss where no claim is stated. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff brings this action under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

The third amended complaint is a re-statement of health care appeal and medical indifference allegations and claims previously reviewed and found deficient by the Court.

1  Leave to amend these Eighth and Fourteenth Amendment claims was denied for reasons
2  stated in the second screening order. (ECF No. 34). That Order advised Plaintiff that his
3  third amended complaint must allege true facts showing Defendants took adverse action
4  against him because of his protected activity and that they did so without any valid
5  penological purpose, violating his First Amendment rights. He was advised that he must set
6  forth sufficient factual matter to state a plausible claim, Fed. R. Civ. P. 8(a)(2); Ashcroft v.
7  Iqbal, 556 U.S. 662, 678 (2009), and demonstrate that each named Defendant personally
8  participated in the deprivation of his rights, Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
9  2002).

10  Plaintiff has not complied with the Court's order. He does not address his earlier
11  contentions that Defendants' retaliated against him for exercising protected rights.
12  Defendants are not linked to any First Amendment violation. No First Amendment claim is
13  stated.

14  The failure of Plaintiff on this, his third, pleading attempt to allege facts supporting a
15  retaliation claim is reason to conclude he is unable to do so. Thus, no useful purpose would
16  be served by repeating information and direction previously given and allowing him a
17  repeat opportunity to act on it. Leave to amend this claim should be denied.

18  Plaintiff was not given leave to amend his Eighth and Fourteenth Amendment claims
19  or to add new claims and defendants. (ECF No. 34 at 11:24-26.) Even if he had been so
20  allowed, his re-argued Eighth and Fourteenth Amendment claims remain deficient for the
21  reasons stated in the second screening order. His dissatisfaction with newly added
22  Defendant, Kern County Superior Court, in denying his alleged petition for emergency
23  medical treatment for his shoulder is not a basis for a § 1983 claim. State courts and state
24  judges are not proper defendants in a § 1983 action. Clark v. Clark, 984 F.2d 272, 273 (8th
25  Cir. 1993). Additionally a judge would be absolutely immune for judicial actions. Miller v.
26  Davis, 521 F.3d 1142, 1145 (9th Cir. 2008).

27  Plaintiff was previous advised that a failure to file an amended pleading compliant
28  with the Court's second screening order would result in recommendation the action be

1  dismissed. (ECF No. 34 at 12:24-26.)

2  Accordingly, the undersigned finds that Plaintiff has failed to state a claim and failed
3  to comply with the second screening order such that the action should be dismissed with
4  prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di
5  Vittorio 658 F.3d 1090 (9th Cir. 2011).

**B.  Demand for Extraordinary Relief**

1.  Allegations

Plaintiff apparently seeks discovery of certain medical records (x-rays taken at Wasco prison in 2010; records of examinations conducted at North Kern State Prison in 2011; records of procedures conducted at Corcoran District Hospital on August 4, 2011) in relation to his shoulder injury. He includes string citations and rambling exposition relating to equal protection of the mentally impaired. He references the legal doctrines of res judicata and ex post facto.

2.  No Need for and Entitlement to Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff has no cognizable claim pending before this Court. He can not show a likelihood of success on the merits or that he has raised any serious questions going to the merits of a cognizable claim.

Accordingly, the undersigned finds that Plaintiff has failed to allege facts demonstrating a need for and entitlement to injunctive relief and reconsideration of the Court's denial of such in its second screening order.

### III. LEGAL CONCLUSIONS AND RECOMMENDATIONS

Plaintiff has not complied with the second screening order and his third amended complaint (ECF No. 39) fails to state any cognizable claim. Any further amendment would be futile. This action should be dismissed with prejudice.

Plaintiff is not entitled to and in need of injunctive relief and reconsideration of the Court's denial of injunctive relief in its second screening order. The demand for extraordinary relief (ECF No. 37) should be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.

/////
/////
/////
/////
/////
/////
/////
/////

5

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 30, 2013                    /s/ *Michael J. Seng*
                                                                 UNITED STATES MAGISTRATE JUDGE